UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RYECHINE MONEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-1543 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside and correct sentence brought pursuant to 28 U.S.C. § 2255. The motion is a "second or successive motion" within the meaning of 28 U.S.C.§§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied and dismissed as successive.

**Background**

On December 22, 2010, movant was charged in a single-count indictment charging that movant "did knowingly transport, transmit and transfer in interstate commerce money having a value of more than $5,000.00, well knowing said money to have been stolen, converted or taken by fraud." *United States v. Money*, No. 4:10CR678 CEJ (E.D.Mo.).

On March 3, 2011, movant plead guilty to a two-count superseding information charging that movant: (1) "did unlawfully obstruct, delay, and affect commerce …in that [he and others] did unlawfully take and obtain an article or commodity to wit: US currency from persons or employees of ATM Solutions against their will by means of actual and threatened force, violence and fear of injury to their persons" in violation of 18 U.S.C. §§ 2 and 1951(a) (Count I); and (2) did knowingly

1

possess firearms in furtherance of the crime of violence set forth in Count I, in violation of 18 U.S.C. § 924(c) (Count II). The District Court sentenced movant on May 31, 2011. Finding that movant was a career offender under the U.S. Sentencing Guidelines ("U.S.S.G."), the District Court sentenced movant to a 151-month term of imprisonment on Count I and an 84-month consecutive term of imprisonment on Count II, for an aggregate sentence of 235 months.

Movant appealed his conviction to the Eighth Circuit Court of Appeals. The Court of Appeals affirmed his conviction in a per curiam opinion issued February 22, 2012. *United States v. Money*, No. 11-2229 (8th Cir. 2012).

Movant filed his first motion for post-conviction relief under 28 U.S.C. § 2255 on March 6, 2014. *Money v. United States*, 4:14-CV-422 CEJ (E.D.Mo.). The District Court denied the motion to vacate as time barred. The Eighth Circuit Court of Appeals rejected movant's request for certificate for appealability. *Money v. United States*, No. 14-2759 (8th Cir. 2015).

In June 27, 2016, movant filed a second motion to vacate based upon the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Money v. United States*, No. 4:16-CV-1033 CEJ (E.D.Mo.). On March 3, 2017, the District Court transferred the matter to the Eighth Circuit Court of Appeals so that movant could seek permission to bring a second or successive habeas motion. *Money v. United States*, No. 17-1508 (8th Cir. 2017). Movant's request was denied by the Court of Appeals on June 29, 2017.

In the instant motion, movant claims that the Court lacked jurisdiction to sentence him under the Sentencing Guidelines career offender provisions because the prosecutor did not file an information pursuant to 21 U.S.C. § 851(a) stating in writing the prior convictions relied on.

## Discussion

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence [Doc. #1] is **DENIED AND DISMISSED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 25th day of September, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE